UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS K. MOORE, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:06-cv-31 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| STATE OF OHIO, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | |
| ) | |

      This is a civil action brought by a *pro se* plaintiff against the State of Ohio and its governor, Robert Taft. Plaintiff's complaint apparently arises from criminal charges brought against plaintiff in the Gallipolis, Ohio, Municipal Court. The court documents attached to the complaint indicate that plaintiff was placed on probation for an unidentified offense and later pleaded guilty to a probation violation before Municipal Judge Margaret Evans. His complaint alleges that Judge Evans violated his constitutional rights in a number of ways in connection with the criminal proceedings, including the judge's order or orders requiring plaintiff to undergo "mental evaluations." For relief, plaintiff seeks an award of $113 million against the State of Ohio or, alternatively, a "simple apology in front of a federal court judge and to have Judge Evans disbarred for her actions."

      The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff's *pro se* complaint is subject to dismissal on numerous, alternative grounds. Discussion of three grounds should suffice. First, the State of Ohio is immune from suit in the federal courts by virtue of the Eleventh Amendment. *See Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 1584 (2006). Second, the only other named defendant, Governor Taft, is not alleged in the complaint to have committed any act or omission in violation of plaintiff's federal rights. Liability for violation of the civil rights laws is predicated upon a defendant's direct involvement in violating constitutional rights and cannot be imposed vicariously. *See McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 470 (6th Cir. 2006). To state a claim against an individual defendant, plaintiff must allege that that defendant somehow participated in the wrongful act or encouraged or condoned the actions of others. *Id.* Here, the complaint is completely silent concerning any act or omission of Governor Taft. Third and finally, this court lacks both venue and

personal jurisdiction over the State of Ohio and its Governor for acts that take place in Ohio. *See Leroy v. Great Western United Corp.*, 443 U.S. 173, 185-87 (1979); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1154 (6th Cir. 1992). Although the court has discretion to merely transfer the matter to the appropriate federal court in Ohio, 28 U.S.C. § 1406(a), the court chooses not to exercise that discretion, given the frivolous nature of the complaint. Transfer of this matter to another district court would not cure any of the deficiencies in plaintiff's pleading.

For the foregoing reasons, an order will enter dismissing plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915(e).

Dated: April 13, 2006                                           /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                                       UNITED STATES DISTRICT JUDGE